### THE ELIZABETH.

(District Court, N. D. California, First Division. October 21, 1913.)

No. 15,452.

MARITIME LIENS (§ 65*)—SUIT TO ENFORCE LIEN FOR REPAIRS—SET-OFF.

That one making repairs on a vessel estimated that it would take "about a week" does not amount to a contract to complete the work within that time, which entitles the owner to a set-off as damages in a suit to enforce a lien for the repairs, because they were not finished within that time.

[Ed. Note.—For other cases, see Maritime Liens, Cent. Dig. § 103; Dec. Dig. § 65.*]

In Admiralty. Suit by the Christie Machine Works against the tug Elizabeth. Decree for libelant.

McGowan & Westlake, of San Francisco, Cal., for libelant.

R. F. Mogan, of San Francisco, Cal., for respondent.

DOOLING, District Judge. This is a libel for repairs to the tug Elizabeth; the repairs amounting in value to $515.20. The amount and value of the work is not disputed by claimant, but a set-off of $200 is claimed as damages, because the work was not done within the stipulated time.

It is well settled that damages may be recovered for failure to finish a structure, or repairs thereon, within the time agreed; but the evidence here shows no such agreement to perform the work within a stipulated time as would render the libelant liable for damages for failure so to do. The most that can be said of the testimony in favor of claimant is that it shows that libelant's manager estimated that it would "take him about a week" to perform the work required; but there is nowhere any testimony that he agreed to perform the work within that time, and he himself testified positively that he did not. Such being the state of the evidence, libelant is entitled to a judgment for the full amount sued for.

Let a decree be entered for the sum of $515.20 and costs.